IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED
FEB 2 2 2002
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| DARRYL COOPER a/k/a D. HOLLEY and JOHN BROUSSARD, | § | |
| Plaintiffs, | § | Civil Action # 01-0941 |
| v. | § | |
| SONY MUSIC ENTERTAINMENT INC.; JERMAINE DUPRI MAULDIN, a/k/a JERMAINE DUPRI, individually; SO SO DEF RECORDINGS, INC.; SHAWNTAE HARRIS, a/k/a DA BRAT; BRYAN-MICHAEL COX; AIR CONTROL MUSIC, INC.; COLUMBIA RECORDS DISTRIBUTION CORPORATION; and FOX TUNES, INC., | § | |
| Defendants. | § | |

ORDER

Pending before the Court is Sony Music Defendants' Rule 12(b)(6) Motion to Dismiss (Document #11) filed by Sony Music Entertainment, Inc., Jermaine Dupri Mauldin, So So Def Recordings, Inc., Air Control Music, Inc., and Fox Tunes, Inc. Defendants Bryan-Michael Cox and Shawntae Harris joined in the Sony Music

#49

Defendants' motion to dismiss pursuant to this Court's November 26, 2001 order.[1] Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted in part and denied in part.

## I. INTRODUCTION

Plaintiffs Darryl Cooper and John Broussard ("Plaintiffs") filed the instant suit on March 16, 2001, alleging copyright infringement as well as common law claims for misapplication of fiduciary property, fraud, unjust enrichment, conversion, and civil conspiracy. In their complaint, Plaintiffs state that they created and obtained a copyright interest in a musical work entitled "Boys Night Out." Plaintiffs provided a recording of the song to Defendants in order to promote themselves and solicit a contract. Plaintiffs further allege that their musical work was altered slightly and recorded by other artists. Plaintiffs claim that Defendants wrongfully reproduced, distributed, and sold the musical work under the title "Bounce With Me" and later placed the song on the movie soundtrack "Big Momma's House."

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." A motion

[1] In addition, Defendants have advised the Court that Columbia Records Distribution Corporation is a division of Defendant Sony Music Entertainment, Inc. rather than a stand-alone entity. Therefore, the instant motion to dismiss is made on behalf of all Defendants.

to dismiss under Rule 12(b)(6) should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Grisham v. United States*, 103 F.3d 24, 25-26 (5th Cir. 1997). "Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged." *Ramming v. United States*, 2001 WL 1734813, at *3 (5th Cir. Dec. 19, 2001). In considering a motion to dismiss, the complaint should be construed in favor of the plaintiff, and all facts pleaded should be taken as true. *Brown v. Nationsbank Corp.,* 188 F.3d 579, 585-86 (5th Cir.1999).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997). A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992).

## III. ANALYSIS

In their motion to dismiss, Defendants ask the Court to dismiss Plaintiffs'

claims for theft, unjust enrichment, conversion, and civil conspiracy on the grounds that these claims are preempted by Section 301 of the Copyright Act. Further, Defendants argue that Plaintiffs lack standing to assert their claims for misapplication of fiduciary property and theft. The Court will address these arguments in turn.

A. Preemption

Section 301 of the Copyright Act preempts state law claims that cover works falling within the Act's subject matter and protects rights which are equivalent to the exclusive rights within the scope of the Act. 17 U.S.C. § 301(a) (1994). Section 301(a) states:

> (a) [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 . . . whether published or unpublished, are governed exclusively by this Title. [N]o person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a) (1994).

Section 106 of the Act enumerates six exclusive rights that are protected by copyright, including, *inter alia,* (1) reproduction; (2) preparation of derivative works; (3) distribution, including sale or rental; and (4) public performance. 17 U.S.C. § 106(1)-(4) (1994 & Supp. 1999).

When the Copyright Act preempts a state cause of action, the state cause of action ceases to exist and any claims must be brought in federal court as violations of the Copyright Act. 17 U.S.C. § 301; *Daboub v. Gibbons,* 42 F.3d 285, 290 n.8 (5th Cir.1995). The Fifth Circuit has established a two-part test for analyzing preemption claims under section 301 of the Copyright Act. *E.g.*, *Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396, 404 (5th Cir. 2000); *Daboub*, 42 F.3d at 288-89. First, the cause of action is examined to determine whether it falls "within the subject matter of copyright." *Computer Mgmt.*, 220 F.3d at 404. Second, the cause of action is examined to determine if it protects rights that are "equivalent" to any of the exclusive rights of a federal copyright as provided in 17 U.S.C. § 106. *Id.*

Section 102 of the Copyright Act identifies the subject matter of copyright as encompassing a variety of types of work, including "musical works." 17 U.S.C. § 102(2) (1994). Accordingly, the song alleged to have been wrongfully reproduced, sold, and distributed in the instant case falls within the subject matter of the Copyright Act and under Section 301's preemption provision. *See* 17 U.S.C. § 301(a).

Under the second prong, a state law cause of action is "equivalent" to the

rights granted by the Copyright Act if "the mere act of reproduction, distribution, or display infringes it." *Taquino v. Teledyne Monarch Rubber,* 893 F.2d 1488, 1501 (5th Cir.1999). For example, a state law claim is equivalent to federal copyright law rights if the elements of the state law cause of action would not establish qualitatively different conduct by the defendant than the elements for an action under the Copyright Act. *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 787 (5th Cir. 1999); *Daboub*, 42 F.3d at 290.

The second element of the test calls for a "comparison of the nature of the rights protected under federal copyright law with the nature of the state rights for which [plaintiff] seeks protection." *Alcatel USA, Inc.,* 166 F.3d at 787. A state law claim does not arise under the Copyright Act if the cause of action is "qualitatively different" from a copyright action. *Computer Mgmt.*, 220 F.3d at 404. Qualitatively different conduct occurs when the state cause of action has an "extra element" beyond the requirements of a federal copyright claim. *Id.* For example, breach of contract and breach of fiduciary duty claims contain an extra element that defeat preemption under Section 301. *Daboub*, 42 F.3d at 289-90; *Taquino*, 893 F.2d at 1501.

Defendants argue that unjust enrichment, conversion, conspiracy, and theft

are preempted by the Copyright Act in that (1) they "fall within the subject matter" of the copyright law, and (2) they seek to protect rights that are equivalent to the rights protected by the Copyright Act.[2]

1. Unjust Enrichment and Conversion

Unjust enrichment is defined as "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Allen v. Berrey*, 645 S.W.2d 550, 553 (Tex. App.– San Antonio 1982, writ ref'd n.r.e.). In their complaint, Plaintiffs allege that "Defendants unjustly retained, reproduced, distributed and sold Plaintiffs' work product resulting in extensive profits to which Defendants' are not justly entitled."

Texas law defines conversion as the wrongful exercise over the control of the property of another, to the exclusion of or inconsistent with the true owner's rights. *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 446 (Tex. 1971). Plaintiffs' complaint asserts that "Defendants reproduced, distributed and sold copies of

[2] The Court notes that Plaintiffs, in their response to the motion to dismiss, failed to respond to Defendants' arguments that the unjust enrichment and conversion claims are preempted by the Copyright Act. In accordance with local rules, failure to respond is taken as a representation of no opposition. *See* S. D. TEX. LOCAL R. 7.4.

Plaintiffs' work product in a manner inconsistent with the Plaintiffs' rights to profits from any reproduction, distribution or sales related to Plaintiffs' work product."

Common law actions for unjust enrichment and conversion are the equivalent of copyright actions: the elements of unjust enrichment and conversion do not establish qualitatively different conduct by the Defendants than the elements for an action under the Copyright Act. *See Tavormina v. Evening Star Productions, Inc.*, 10 F. Supp. 2d 729 (S.D. Tex. 1998) (finding that plaintiff's claim of unjust enrichment where film company created reproduction of plaintiff's house for use in a movie invoked the same rights as those in an action for copyright infringement); *Daboub*, 42 F.3d at 289-90 (dismissing a conversion claim where Plaintiff alleged copying of the song "Thunderbird" by the rock group ZZ Top and holding that any action for the wrongful copying, distribution, or use of the song may only be remedied by invoking the protection of the Copyright Act). In the instant suit, the claims for unjust enrichment and conversion arise from allegations of retention, reproduction, distribution, and sale of the musical work, and are thus restatements of federal copyright causes of action. Therefore, the Court determines that Plaintiffs' claims for conversion and unjust enrichment are "equivalent claims" and are preempted by the Copyright Act. Thus, Plaintiffs' rights under these state law

actions are preempted and abolished. *See* 17 U.S.C. § 301; *Daboub*, 42 F.3d at 290 n.8.

2. Conspiracy

"In Texas, a civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *Triplex Communications, Inc. v. Riley*, 900 S.W.2d 716, 719 (Tex. 1995). To prove an action for conspiracy, the plaintiff must establish that two or more people acted together to accomplish an objective, there was a meeting of the minds to commit one or more unlawful acts, and the plaintiff suffered injury as a result. *Ins. Co. of N. America v. Morris*, 981 S.W.2d 667, 675 (Tex. 1998). Conspiracy does not create liability in and of itself. *Carroll v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 925 (Tex. 19890). Under conspiracy, joint liability is extended not only to the wrongdoer, but also to those who have agreed to assist the wrongdoer. *Id.* at 925-26.

Plaintiffs' complaint alleges that Defendants conspired to cause damage to Plaintiffs and that Defendants Jermaine Dupri Mauldin and So So Def Recordings, Inc. furthered the conspiracy by altering Plaintiffs' work. Plaintiffs assert that conspiracy protects rights that are not equivalent to copyright protection because, by

definition, conspiracy includes parties that may not have actively infringed the copyrights but have agreed to assist the wrongdoers. Plaintiffs also point out that conspiracy is a derivative tort that applies to their fraud claim as well as to their copyright claim.[3]

The Fifth Circuit has not addressed the question of whether conspiracy claims are preempted by the Copyright Act, but courts in other jurisdictions have reached the conclusion that conspiracy claims are preempted. *See Brown v. McCormick*, 23 F. Supp. 2d 594, 608 (D. Md. 1998) (concluding that the "right protected by [a civil conspiracy claim] would serve merely to vindicate the same right as under the Copyright Act"); *Aqua Bay Concepts, Inc. v. Grosse Point Bd. of Realtors*, 24 USPQ 2d 1372 (E.D. Mich. 1992) (dismissing civil conspiracy claim in copyright case because relief sought was "essentially the same as the underlying federal copyright claim"); *Hoey v. Dexel Sys. Corp.*, 716 F. Supp. 222 (E.D. Va. 1989) (dismissing civil conspiracy claim on preemption grounds in copyright case).

Copyright law recognizes the concepts of contributory copyright infringement and vicarious copyright infringement. A contributory infringer is one who, with

[3] Defendants did not request dismissal of Plaintiffs' fraud claim in their motion to dismiss.

knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another. *Alcatel USA, Inc.*, 166 F.3d at 790, citing *Gershwin Pub. Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159, 1162 (2nd Cir. 1971). Contributory infringement may also be found where a party contributes "machinery or goods that provide the means to infringe." 3 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 12.04[A][2], at 12-72 (2001). Further, vicarious liability may be imposed when an individual has the right and ability to supervise the infringing activity and also has a direct financial interest in the activities. *Playboy Enters. Inc. v. Webbworld, Inc.*, 991 F.Supp. 543, 553 (5th Cir. 1997). In light of these concepts, which extend joint and several liability to those who participate in the copyright infringement, *see Meadowgreen Music Co. v. Voice in the Wilderness Broadcasting, Inc.*, 789 F.Supp. 823, 826 (E.D. Tex. 1992), the Court determines that Plaintiffs' civil conspiracy claim does not add substantively to the underlying federal copyright claim and should therefore be preempted. Plaintiffs are thus precluded from proceeding further with the conspiracy claim as it applies to the copyright infringement portion of the suit.

In spite of the above, however, conspiracy is a derivative tort claim that applies to common law fraud. *See Hernandez v. Ciba-Geigy Corp. USA*, 200

F.R.D. 285, 292 (S.D. Tex. 2001). Plaintiffs have asserted a claim of fraud in their complaint. Therefore, the Court finds that the motion to dismiss the conspiracy claim, to the extent the claim relies on common law fraud, is denied.

B. Claims Asserted Under the Texas Penal Code[4]

Plaintiffs assert two claims in their complaint pursuant to the Texas Penal Code: "misapplication of fiduciary property" which "constitute[s] conduct described and/or defined in Section 32.45 of the Texas Penal Code"; and, "theft" committed by Defendants Jermaine Dupri Mauldin and So So Def Recordings, Inc. and arising from "acts, conduct and omissions [that] constitute conduct described and/or defined in Chapter 31 (Theft) of the Texas Penal Code." In their complaint, Plaintiffs assert no further statutory support or authority for these two claims.

Defendants argue that Plaintiffs' theft and misapplication of fiduciary property claims fail because the Texas Penal Code does not provide a private right of action. Plaintiffs concede that the Texas Penal Code by itself does not create a civil right of action. Nevertheless, Plaintiffs assert that there are circumstances in which a plaintiff must plead violations of the criminal code in order to obtain the relief

---

[4] Plaintiffs have asserted claims of theft and misapplication of fiduciary property under the Texas Penal Code. In light of the Court's holding *infra* that Plaintiffs have failed to assert a cognizable claim for theft, the Court declines to address whether a claim for theft is preempted by the Copyright Act.

sought in a civil action. For example, Plaintiffs note that the Texas Theft Liability Act expressly recognizes a civil cause of action for theft based on the elements cited in the penal code. TEX. CIV. PRAC. & REM. CODE § 134.003-134.004 (Vernon 1997) ("a person who commits theft is liable for the damages resulting from the theft"). In addition, findings of theft based on violations of Chapter 31 of the penal code or misapplication of fiduciary property based on Section 32.45 of the penal code, coupled with conduct that was committed knowingly or intentionally, are exemptions to the mandatory limitations on exemplary damages. TEX. CIV. PRAC. & REM. CODE § 41.008(b)-(c) (Vernon Supp. 2002) (rendering the punitive damages cap inapplicable to causes of action in which a party knowingly and intentionally violates one of fifteen enumerated criminal statutes).

The Court agrees with Defendants that the claims as pleaded fail because the Texas Penal Code does not provide a private right of action. *See Gipson v. Callahan*, 18 F. Supp. 2d 662, 668 (W.D. Tex. 1997) (noting that the Texas Penal Code does not create a private right of action), *appeal dism'd*, 157 F.3d 903 (5th Cir. 1998); *Aguilar v. Chastain*, 932 S.W.2d 740, 745 (Tex. App. – Waco 1996, writ denied) (dismissing a claim because allegations based on the Texas Penal Code do not state a cause of action recognized by law). In their complaint, Plaintiffs do not

allege theft under the Texas Theft Liability Act; rather, they allege theft under Chapter 31 of the Texas Penal Code. In addition, Plaintiffs have failed to identify any support for the manner in which they construed these state law issues in their complaint. Because Plaintiffs assert the theft and misapplication of fiduciary property claims solely under the Penal Code on the face of their complaint, the two claims cannot survive a Rule 12(b)(6) motion. Therefore, Plaintiff's claims of theft and misapplication of fiduciary property are dismissed.

## IV. CONCLUSION

Given the foregoing, the Court hereby ORDERS that the Sony Music Defendants' Rule 12(b)(6) Motion to Dismiss (Document #11) is GRANTED IN PART and DENIED IN PART. Plaintiffs' claims for unjust enrichment, conversion, theft, misapplication of fiduciary property, and conspiracy to commit copyright infringement are DISMISSED. The motion to dismiss Plaintiffs' claim for conspiracy to the extent Plaintiff asserts conspiracy to commit common law fraud is denied. All relief not expressly granted herein is DENIED.

SIGNED at Houston, Texas, on this 19 day of February, 2002.

DAVID HITTNER
United States District Judge